Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| LAKISHA BANKS, | |
|---|---|
| *Plaintiff,* | Civil Action No. 19-9367 |
| v. | **OPINION & ORDER** |
| FBI, UNION COUNTY POLICE, *et al.*, | |
| *Defendants.* | |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Lakisha Banks brings this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. For the reasons discussed below, the Court **GRANTS** Plaintiff's application to proceed *in forma pauperis* but **DISMISSES** Plaintiff's Second Amended Complaint[1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established her inability to pay for the costs of her suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees or costs.

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief

---

[1] Plaintiff filed her original Complaint, D.E. 1; her First Amended Complaint, D.E. 3; and her Second Amended Complaint, D.E. 4; before the Court could perform the necessary screening of the pleading. As a result, the Court reviews the most recent pleading, D.E. 4, in conducting the current review.

may be granted, or (iii) seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds the pleading to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Plaintiff names as Defendants the FBI, Union County Police, New York State Police, the State of New Jersey, New Jersey State Police, and all government entities. D.E. 4 ("Second Amended Complaint" or "SAC").

Under the Eleventh Amendment, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XL. The Eleventh Amendment protects states, as well as their agencies and departments, from suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This immunity also extends to state employees acting in their official capacities. *See id.* at 101. For example, the New Jersey State Police and the Attorney General's Office are

"indisputably agencies and departments, or 'subunits of the State,' entitled to Eleventh Amendment immunity[.]" *Hockaday v. New Jersey Att'y Gen.'s Office*, 2016 WL 6694483, at *6 (D.N.J. Nov. 14, 2016) (quoting *New Jersey Sand Hill Band of Lenape & Cherokee Indians v. Corzine*, 2010 WL 2674565, at *7 (D.N.J. June 30, 2010)). Sovereign immunity is "subject to three exceptions: 1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *See MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001). Plaintiff has not cited or analyzed any of the three exceptions. Moreover, the Court could not find a basis to potentially apply any of the three exceptions. Accordingly, sovereign immunity applies to Defendants New York State Police, the State of New Jersey, and New Jersey State Police. The Court dismisses with prejudice the State of New Jersey, the New Jersey State Police, and the New York State Police.

Similarly, sovereign immunity applies to Defendant FBI. "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities." *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). A waiver of sovereign immunity "must be unequivocally expressed in the statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). In *Graham v. Rawley*, the court found the FBI immune from suit, because the plaintiff failed to establish that Congress expressly waived sovereign immunity as to the Section 1983 claims she asserted against the FBI. 2016 WL 7477756, at *5 (D.N.J. Dec. 29, 2016). The FBI is also dismissed with prejudice based on sovereign immunity.

The Second Amended Complaint is difficult to read, and the allegations are not entirely clear. Plaintiff appears to be asserting that her "civil rights and civil liberties" are being violated,

because she is being watched by the named Defendants. SAC at 3. She claims that she is being surveilled by a tracking device, that her phone is being tapped, that someone is going through her belongings, and that she is being followed every day. *Id.* Plaintiff claims that she had to be "hospitalized for an extended period of time" because of this situation and is now seeking a hundred million dollars in compensation "due to the negligence of the officers." *Id.* at 4. Plaintiff includes no further explanation as to how these factual allegations relate to Defendants.

Plaintiff may be attempting to bring a claim pursuant to 42 U.S.C. § 1983. Assuming that Plaintiff is alleging a violation of her civil rights, she does not provide specific facts to sufficiently allege a plausible claim of any violation of her rights. For example, if law enforcement is conducting lawful surveillance of Plaintiff, there is no violation of Plaintiff's rights. Assuming that Plaintiff is correct and that she is under surveillance, she does not clearly allege that *unlawful* surveillance is occurring. Therefore, Plaintiff fails to plausibly state a claim against Defendants. The Court dismisses Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. In light of the noted deficiencies, the Court has real concerns that any attempt to amend would be futile. However, because Plaintiff is proceeding pro se and is entitled to a more relaxed standard of review than if she was represented by counsel, the Court will grant her an opportunity to amend her pleadings and plausibly state her allegations.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 27th day of June, 2019,

4

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Second Amended Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Defendants the FBI, New York State Police, the State of New Jersey, and New Jersey State Police are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's Second Amended Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of receipt of this Order and the accompanying Opinion, curing the noted defects. If Plaintiff fails to file an amended complaint within thirty (30) days of receipt, dismissal of this case shall be with prejudice.[2] In addition, if Plaintiff files an amended complaint but it is still deficient, this case may be dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion & Order upon Plaintiff by regular and certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.

---

[2] A dismissal with prejudice means that Plaintiff will not be able to bring any future action against Defendants based on the allegations in the case.

5