**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAKISHA BANKS,  *Plaintiff*,  v.  FBI, UNION COUNTY POLICE, *et al.*,  *Defendants*. | Civil Action No. 19-9367  **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Lakisha Banks brings this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. This Court previously granted her application to proceed *in forma pauperis* but dismissed her Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it failed to state a claim upon which relief could be granted. D.E. 5 ("Prior Op."). The Court provided Plaintiff with leave to file an amended complaint, and Plaintiff's Third Amended Complaint was filed on October 3, 2020.[1] D.E. 9. For the reasons discussed below, the Court **DISMISSES** Plaintiff's Third Amended Complaint (D.E. 9) ("TAC").

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune. 28 U.S.C. §

---

[1] Plaintiff filed her original Complaint, D.E. 1; her First Amended Complaint, D.E. 3; and her Second Amended Complaint, D.E. 4; before the Court could perform the necessary screening of the pleading. On June 27, 2019, the Court reviewed and dismissed the Second Amended Complaint, D.E. 4, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it failed to state a claim upon which relief could be granted.

1915(e)(2)(B).  When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).  To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds the pleading to a less stringent standard than those filed by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Plaintiff names as Defendants the FBI, Homeland Security, Roselle Police Department, Union County Police Department, and the State of New Jersey.  TAC at 2.

In the Court's prior opinion, dated June 27, 2019, Defendants the FBI and the State of New Jersey were dismissed with prejudice on the basis of sovereign immunity.  Prior Op. at 3.  Similarly, sovereign immunity applies to Defendant Homeland Security.  "Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities."  *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  A waiver of sovereign immunity "must be unequivocally expressed in the statutory text."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Plaintiff has not cited to any waiver of sovereign immunity.  Therefore, the Department of Homeland Security is dismissed with prejudice based on sovereign immunity.

In the Third Amended Complaint, Plaintiff alleges, "Since 2016 September I have been illegal surveillance (sic) and have had my life endanger (sic)" by the named Defendants. TAC at 3. Plaintiff claims the alleged daily illegal surveillance has occurred at her house and place of employment. *Id.* at 4. Plaintiff requests five hundred million dollars in compensation "for mental and physical abuse" and an injunction to stop the surveillance and "harassment." *Id.* at 3.

Plaintiff included numerous attachments to the TAC made up of letters, various court filings, photos of law enforcement vehicles, and other documents to her Complaint. D.E. 9-1. Plaintiff included a letter she wrote on September 12, 2019. *Id.* at 8. In this letter, Plaintiff states that named Defendants "continue to violate my rights on daily basis" through "ongoing harassment and illegal surveillance." *Id.* She claims that she sees Roselle Police Department cars following her daily and that "FBI just trails me around in unmarked cars all day long." *Id.* Plaintiff also attached letters signed by a relative and a person she provides care for, both of whom claim they have witnessed marked and unmarked law enforcement vehicles follow Plaintiff and near Plaintiff's place of work. *Id.* at 9-11.

Plaintiff is likely attempting to bring a claim pursuant to 42 U.S.C. § 1983. Assuming that Plaintiff is alleging a violation of her civil rights, she does not provide specific facts to sufficiently allege a plausible claim of any violation of her rights. For example, if law enforcement is conducting lawful surveillance of Plaintiff in public spaces, there is no violation of Plaintiff's rights. Assuming that Plaintiff is correct and that she is under surveillance, she does not clearly allege that *unlawful* surveillance is occurring. While Plaintiff states in the TAC that the surveillance is "illegal," that characterization on its own is conclusory, lacking any specific factual allegations to support it. Therefore, Plaintiff fails to plausibly state a claim against Defendants.

The Court dismisses Plaintiff's Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A court must grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). An amended complaint would be futile if it "would fail to state a claim upon which relief could be granted." *Id.* at 115. In light of the noted deficiencies and the fact that this pleading is Plaintiff's third amendment, the finds that any further attempt to amend would be futile. In its Prior Opinion, the Court also noted that Plaintiff may be attempting to bring a Section 1983 action and indicated that Plaintiff had not alleged sufficient facts to make such a claim plausible. Prior Op. at 4. Despite this ruling, Plaintiff again provides conclusory allegations and also again renames Defendants who the Court previously dismissed with prejudice. Therefore, the Court dismisses the claims with prejudice.[2]

For the foregoing reasons, and for good cause shown,

**IT IS** on this __23rd__ day of July, 2020,

**ORDERED** that Plaintiff's Third Amended Complaint, D.E. 9, is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Plaintiff by certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court is directed to close this matter.

JOHN MICHAEL VAZQUEZ, U.S.D.J.

---

[2] A dismissal with prejudice means that Plaintiff *cannot* file another amended complaint attempting to cure the deficiencies noted herein.